

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RJN
F.#2009R01167

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 15, 2012

**BY HAND AND ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Carlo Profeta
            Criminal Docket No. 10-229 (ENV)
            Related to Criminal Docket No. 10-0010 (S-6)(ENV)

Dear Judge Vitaliano:

      The government respectfully submits this letter in advance of the defendant's sentencing for the violation of his supervised release. Profeta is scheduled to be sentenced on January 26, 2012 at 10:00 am.

I.    Background

      On February 24, 2010, the defendant, Carlo Profeta, was arrested pursuant to a superseding indictment returned by a grand jury in the United States District Court for the Eastern District of New York, charging him with racketeering and racketeering conspiracy in violation of 18 U.S.C. § 1962(c) and (d); extortionate extension and collection of credit conspiracy and extortionate extension and collection of credit, in violation of 18 U.S.C. §§ 892(a) and 894(a)(1); and illegal gambling, in violation of 18 U.S.C. § 1955. The charges in the superseding indictment stemmed from an investigation into the activities of members and associates of La Cosa Nostra, and in Profeta's case, the involvement of members and associates of the Luchese organized crime family of La Cosa Nostra ("Luchese family") in loan sharking and illegal gambling operations. On February 1, 2011, Profeta pled guilty pursuant to a plea agreement to racketeering through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c). The defendant was sentenced on December 6, 2011 to 46 months' incarceration.

II. <u>Violation of Supervised Release</u>

As set forth in the Probation Department's Violation of Supervised Release Report ("VOSR Report"), on February 3, 2003, in the United States District Court for the Southern District of New York, the defendant pled guilty in <u>United States v. Carlo Profeta</u>, 02 CR 846 (LAK) and <u>United States v. Carlo Profeta</u>, 02 CR 1041 (LAK), to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) and extortion, in violation of 18 U.S.C. § 1951(a). On January 23, 2004, the defendant was sentenced in those matters to 41 months' incarceration and three years of supervised release. VOSR Report at 3.

The defendant's supervised release began on March 9, 2007 and was set to expire on March 8, 2010. However, as set forth above, the defendant was arrested pursuant to the indictment in the Eastern District of New York on February 24, 2010. The government respectfully refers the Court to its December 3, 2011 sentencing submission, which is incorporated herein, for additional details regarding the defendant's offense, which he committed while on supervised release. To summarize, as set forth in the Probation Department's Presentence Report ("PSR"), Profeta held the positions of soldier and acting captain in the Luchese family and, between 2008 and 2009, directed Luchese family associate and co-defendant Eric Maione ("Maione") to collect money, including gambling proceeds and interest payments from a cooperating witness ("CW1"). PSR ¶¶ 43-49. During the same time frame, Profeta also assisted co-defendant Anthony Mannone, a Bonanno family captain, and co-defendant Jerome Caramelli, a Bonanno family associate, in their efforts to threaten CW1 in order to collect a $193,000 debt CW1 allegedly owed.

III. <u>VOSR Sentencing</u>

Thus, as set forth in the VOSR Report, the defendant's criminal activities between 2008 and 2009 violated the terms of supervised release imposed pursuant to his convictions in the Southern District of New York. VOSR Report at 5. The defendant's offense is a Grade B Violation, pursuant to United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") § 7B1.1(a)(2). For a Grade B violation, the Guidelines provide that the Court "shall revoke probation" and impose a term of imprisonment. U.S.S.G. §§ 7B1.3(a)(1); 7B1.3(c)(1) and 7B1.4(a).

Because the Guidelines provide that the appropriate criminal history level is the one that applied at the defendant's original sentence, the defendant falls in criminal history

category II for purposes of imposing a sentence for the violation of supervised release. U.S.S.G. § 7B1.4(a). Accordingly, the range of imprisonment provided for the defendant's violation is six to twelve months' incarceration. Id. The Guidelines further provide that any term of imprisonment imposed must run consecutively to any other term of imprisonment that the defendant is currently serving. U.S.S.G. § 7B1.3(f).

The government respectfully submits that a sentence within the applicable Guidelines range is appropriate to deter this defendant as well as other members and associates of organized crime from resuming their involvement in criminal activities and their position in the criminal enterprise upon release from incarceration. This form of individual and general deterrence is particularly important for members and associates of organized crime, especially those like Profeta with substantial criminal histories, who demonstrated a total disregard for the conditions of supervised release, despite the best efforts of the Probation Department.

IV. Conclusion

For the reasons set forth above, and in accordance with the factors set forth in 18 U.S.C. § 3553(a), the government respectfully submits that the Court should impose a sentence within the applicable Guidelines range of six to twelve months' incarceration for the defendant's violation of supervised release.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/
Rachel J. Nash
Assistant U.S. Attorney
(718) 254-6072

cc: Joel Winograd, Esq.
Lawrence Goldman, U.S. Probation

3