

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RJN
F.#2009R01167

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 15, 2012

**BY HAND AND ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Carlo Profeta
>      Criminal Docket No. 10-229 (ENV)
>      Related to Criminal Docket No. 10-0010 (S-6)(ENV)

Dear Judge Vitaliano:

The government respectfully submits this letter in response to the defendant's submission, dated August 14, 2012, and in order to advise the Court of the dates relating to the Probation Department's request for a warrant based on the defendant's violation of the terms of his supervised release. Profeta is scheduled to be sentenced on August 17, 2012 at 11:00 am. The government respectfully refers to its letter, dated January 15, 2012, for additional details regarding the defendant's violation.

I.  Background

On February 24, 2010, the defendant, Carlo Profeta, was arrested pursuant to a superseding indictment returned by a grand jury in the United States District Court for the Eastern District of New York, charging him with racketeering and racketeering conspiracy in violation of 18 U.S.C. § 1962(c) and (d); extortionate extension and collection of credit conspiracy and extortionate extension and collection of credit, in violation of 18 U.S.C. §§ 892(a) and 894(a)(1); and illegal gambling, in violation of 18 U.S.C. § 1955. On February 1, 2011, Profeta pled guilty pursuant to a plea agreement to racketeering through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c). The defendant was sentenced on December 6, 2011 to 46 months' incarceration.

II. <u>Violation of Supervised Release</u>

As set forth in the Probation Department's December 7, 2011 Violation of Supervised Release Report ("12.7.11 VOSR Report") (attached as Exhibit A, but not filed eletronically), on February 3, 2003, in the United States District Court for the Southern District of New York, the defendant pled guilty in <u>United States v. Carlo Profeta</u>, 02 CR 846 (LAK) and <u>United States v. Carlo Profeta</u>, 02 CR 1041 (LAK), to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) and extortion, in violation of 18 U.S.C. § 1951(a). On January 23, 2004, the defendant was sentenced in those matters to 41 months' incarceration and three years of supervised release. 12.7.11 VOSR Report at 3.

The defendant's supervised release began on March 9, 2007 and was set to expire on March 8, 2010. However, as set forth above, the defendant was arrested pursuant to the indictment in the Eastern District of New York on February 24, 2010, for conduct he committed while on supervised release.

III. <u>The VOSR Warrant</u>

As a result of his indictment and arrest in the Eastern District of New York, the Probation Department requested a warrant based on the defendant's violation of his supervised release in the United States District Court for the Southern District of New York. On March 12, 2010, the defendant entered a plea of not guilty to the violation of supervised release, before the Honorable Lewis A. Kaplan in the United States District Court for the Southern District of New York. See <u>United States v. Profeta</u>, 03 CR 1041 (LAK), Docket Entry Dated 3.12.10. The Probation Department has advised that on March 23, 2010, Judge Kaplan approved the transfer of the violation of supervised release from the United States District Court for the Southern District of New York to the United States District Court for the Eastern District of New York. On March 24, 2010, Your Honor accepted the transfer of jurisdiction. See <u>United States v. Profeta</u>, 10 CR 229 (ENV), Docket Entry No. 1.[1]

The Probation Department has advised that it submitted its Petition for a warrant for the violation of supervised release in the United States District Court for the Eastern District of New York on April 7, 2010. The Probation Department

---

[1] Although the docket entry date is March 31, 2010, the effective date of the transfer of jurisdiction is listed as March 24, 2010 on the order.

2

has further advised that the Petition for a warrant was granted by Your Honor on April 21, 2010.  That Petition was based on an April 7, 2010 VOSR Report ("4.7.10 Report"), which charged the defendant with a Grade A violation, pursuant to United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G."), Sections 7B1.1(a)(1) and 4B1.2 (Application Notes).  The violation was determined to be a Grade A violation because the defendant was charged with a crime of violence in the indictment in the Eastern District of New York.  4.7.10 Report at 6-7.  The Guidelines range for this violation was 15-21 months' incarceration.  4.7.10 Report at 7.

Subsequently, on February 1, 2011, the defendant pled guilty to racketeering through the collection of unlawful debt, in violation of 18 U.S.C. § 1962(c).  He was sentenced on December 6, 2011 to 46 months' incarceration.  During the sentencing proceeding, the violation of supervised release was addressed.  However, it was adjourned to permit the parties and the Court to review the VOSR Report and to permit the defendant to address the issue of whether the sentence for the violation should run concurrently or consecutively to the sentence imposed on the underlying offense.  Copies of the transcripts of the sentencing and the VOSR status conference are attached as Exhibits C and D.

The Probation Department then resubmitted the Violation of Supervised Release Report on December 7, 2011.  This Report was amended to reduce the violation from a Grade A violation to a Grade B violation because the defendant did not plead guilty to a crime of violence.  Thus, the Guidelines range was reduced to 6-12 months' incarceration.

IV.  VOSR Sentencing

As demonstrated by the facts set forth above, the defendant's argument that the timing of the supervised release violation charge is somehow improper is entirely without merit.  After the defendant's indictment in this district, the Probation Department immediately sought and obtained a warrant in the Southern District of New York, where the defendant was serving his term of supervised release.  After the matter was transferred to the Eastern District of New York, the Probation Department immediately sought and obtained a warrant here.  The Report submitted on December 7, 2011 did nothing more than benefit the defendant by reducing the grade of the violation from Grade A to Grade B.  Thus, the adjournment of the VOSR in no way prejudiced the defendant, and the Guidelines that would have applied to the violation of supervised release on the date the defendant was

3

sentenced on his underlying crime are the same as those that apply today.

Specifically, the Guidelines provide that for a Grade B violation, the Court "shall revoke probation" and impose a term of imprisonment. U.S.S.G. §§ 7B1.3(a)(1); 7B1.3(c)(1) and 7B1.4(a). Because the Guidelines provide that the appropriate criminal history level is the one that applied at the defendant's original sentence, the defendant falls in criminal history category II for purposes of imposing a sentence for the violation of supervised release. U.S.S.G. § 7B1.4(a). Accordingly, the range of imprisonment provided for the defendant's violation is six to twelve months' incarceration. Id. The Guidelines further provide that any term of imprisonment imposed must run consecutively to any other term of imprisonment that the defendant is currently serving. U.S.S.G. § 7B1.3(f).

V. Conclusion

In accordance with the factors set forth in 18 U.S.C. § 3553(a), and for the reasons set forth above and in the government's letter dated January 15, 2012, the government respectfully submits that the Court should impose a sentence within the applicable Guidelines range of six to twelve months' incarceration for the defendant's violation of supervised release.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/
Rachel J. Nash
Assistant U.S. Attorney
(718) 254-6072

cc: Joel Winograd, Esq.
    Lawrence Goldman, U.S. Probation

4